

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEON WILLIAMS, III, on behalf of
himself and others similarly situated                          PLAINTIFF

VS.                                         CASE NO.: 3:17cv563HSD-JCG

CELEDON TRUCKING SERVICES, INC.                                DEFENDANT

### COMPLAINT AND DEMAND FOR JURY TRIAL
### (COLLECTIVE ACTION COMPLAINT)

COMES NOW Plaintiff, Leon Williams, III ("Plaintiff"), on his own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), files this action against Defendant, Celedon Trucking Services, Inc. (hereinafter "Celedon"), for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938.  The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendant overtime compensation, liquidated damages, declaratory relief and reasonable attorney's fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in Warren County, Mississippi.

## PARTIES

8. At all material times hereto, Plaintiff was and continues to be a resident of Warren County, Mississippi who worked for Defendant in Warren County, Mississippi.

9. Plaintiff was employed by Defendant as non-exempt "shuttle drive" and in this capacity performed "spotting services" or logistical services for Defendant.

10. At all material times hereto, Defendant operated and conducted business in Warren County, Mississippi.

11. This action is intended to include each and every non-exempt shuttle driver who worked for the Defendant within the last three (3) years and who likewise were not paid overtime compensation at a rate of time and one-half their regular rate of pay for hours worked by them over forty (40) in a work week.

## COVERAGE

12. At all material times hereto (2014 - 2017), Plaintiff was an "employee" within the meaning of the FLSA.

13. At all material times hereto (2014 - 2017), Defendant was the "employer" within the meaning of the FLSA.

14. At all material times hereto (2014 - 2017), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all material times hereto (2014 - 2017), Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all material times hereto (2014 - 2017), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17. At all material times hereto (2014 - 2017), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

18. At all material times hereto (2014 - 2017), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a. Operated instrumentalities of commerce;

      b.    Transported goods in commerce;

      c.    Used channels of commerce;

      d.    Communicated across state lines; and/or

      e.    Performed work essential to any of the preceding activities.

19.    At all material times hereto (2014 - 2017), the work performed by Plaintiff was directly essential to the operations performed by Defendant.

20.    At all material times hereto (2014 - 2017), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

21.    Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

22.    Defendant is a truckload shipping company headquartered in Indianapolis, Indiana.

23.    Defendant's company is in the business of offering storage, transportation, distribution, and logistical solutions.

24.    During the relevant period subject to this Complaint, Defendant was operating under contract to provide logistical services to International Paper Company (hereinafter "International Paper") at its location in Redwood, Mississippi.

25.    Plaintiff Leon Williams worked for Defendant from approximately April 1, 2016 until November 1, 2016 as a shuttle driver for which he was compensated at a rate of $15.00 per hour for all hours worked in a given workweek.

26.    Plaintiff's jobs required him to drive yard tractors and move trailers to and from docks to staging areas.

27. The performance of Plaintiff's work was limited to the premises of International Paper. At no time during the relevant period subject to this Complaint did Plaintiff perform work for Defendant on a public road or highway.

28. All of the tools, equipment and supplies used by Plaintiff in performance of his job were provided by Defendant.

29. Defendant purported to classify Plaintiff as an exempt employee for FLSA purposes.

30. Plaintiff routinely worked over forty (40) hours in a given workweek; however, he was not compensated at a rate of time and one-half for those overtime work hours.

31. Upon information and belief, Plaintiff Leon Williams typically worked up to forty-four (44) hours of overtime every other workweek.

32. Rather than pay Plaintiff overtime compensation at a rate of time and one-half for his overtime work hours, Defendant implemented and maintained a policy whereby it only paid Plaintiff and its other shuttle drivers their regular rate of pay for all hours worked in a given workweek.

33. Plaintiff was not fully compensated for hours worked over forty (40) in a given workweek.

34. As such, Plaintiff and putative opt-in Plaintiffs are owed back pay for all of their overtime hours.

35. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiffs under 29 C.F.R. 516.

36. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff and the class members performed the same or similar job duties as one another in that they provided shuttle driver logistical services for Defendant.

38. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were only paid overtime pay calculated at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek during the time period they were employed; therefore, the class members are owed overtime wages for the same reasons as Plaintiff.

39. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of ensuring that switchers are not properly paid minimum and overtime wages for hours worked in a workweek.

40. These policies or practices were applicable to each Plaintiff and the putative class members.

41. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

42. Rather, the same policies or practices that resulted in the non-payment of overtime to Plaintiff also applies to all class members.

43. Accordingly, the class members are properly defined as:

> All shuttle drivers who worked for Defendant within the last three (3) years who were not compensated the proper overtime rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

6

44. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff and the class members.

45. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

46. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at minimum wage or at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

47. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

48. Plaintiff readopts and reincorporates paragraphs 1 through 47 of the Complaint, as if fully set forth herein.

49. At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

50. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

51. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

52. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

53. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

56. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

## COUNT II – DECLARATORY RELIEF

57. Plaintiff readopts and reincorporates paragraphs 1 through 47 of the Complaint as if fully set forth herein.

58. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

59. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

60. Plaintiff may obtain declaratory relief.

61. Defendant employed Plaintiff.

62. Defendant is an enterprise.

63. Plaintiff was individually covered by the FLSA.

64. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

65. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

66. Defendant did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

67. It is in the public interest to have these declarations of rights recorded.

68. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

69. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

70. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 13th day of July, 2017.

Respectfully submitted,

*/s/ Leon Williams, III*
LEON WILLIAMS, III, PLAINTIFF

*/s/ Christopher W. Espy*
Christoper W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF